OPINION
Defendant-appellant Aaron Cooper appeals from his conviction and sentence, following a no-contest plea, for DUI. Cooper contends that the trial court erred by denying his motion to suppress. Although he concedes that the state highway patrol officer properly stopped him for speeding and changing lanes without signaling, he contends that the officer did not have a sufficient basis to administer field sobriety testing, and that the officer lacked probable cause for an arrest for DUI. We conclude that the evidence in the record supports the trial court's finding that the stopping officer had a reasonable basis for administering field sobriety tests, and that the result of the one test completely administered, together with the officer's other observations, gave the officer probable cause for the arrest. Accordingly, the judgment of the trial court is Affirmed.
 I
At about 2:00 in the morning, March 31, 2001, state highway patrol officer Joseph Luebbers got a CB call indicating that a black pickup truck was speeding west-bound on Interstate 70. Less than a minute later, Luebbers saw a black pick-up truck, which Cooper was driving, speeding west-bound on I-70. Luebbers followed the truck about three-quarters of a mile. He clocked the truck at 82 m.p.h., and observed it make a couple of lane changes without signaling. Luebbers stopped the truck.
Luebbers approached the truck on the passenger side. As soon as the window was rolled down, Luebbers detected an odor of alcohol that he characterized as "strong." Cooper was alone in the truck. Luebbers also observed that Cooper had bloodshot, glassy eyes. Cooper told Luebbers that he had been out with friends, and had had a couple of beers. Cooper, an off-duty police officer, told Luebbers that he was on his way to his chief's house, where he was going to stay the night.
Luebbers got Cooper out of his truck. Luebbers testified that he administered a horizontal gaze nystagmus test. Cooper, who testified that as a police officer, he had performed HGN tests, testified that no HGN test was performed on him. A videotape was received in evidence at the hearing, and is part of our record. We have reviewed the videotape, and it appears to corroborate Luebbers' testimony in this regard.
Luebbers testified that he observed six clues of intoxication, out of a possible six clues, on the HGN test. Luebbers then asked Cooper to perform a one-leg stand. Cooper agreed to do so. Cooper then appears, on the videotape, to be preparing to perform the one-leg stand test, but, before raising his leg, said, "I know what you're doing," and did not raise his leg. Luebbers then asked Cooper to have a seat in the cruiser.
Amid some conversation, in which Cooper is constantly asking Luebbers to take him to his chief's house, Luebbers asked Cooper to blow into a portable breath alcohol test. Cooper evidently did so. All the record reveals about the result of this test is that it "provided useful information."
Luebbers then arrested Cooper, and took him to a state highway patrol station, where a breath alcohol test was administered. Cooper moved to suppress the evidence. Following a hearing, Cooper's motion was denied.
After the denial of his motion to suppress, Cooper pled no contest to Driving with a Prohibited Concentration of Alcohol in his Breath, was found guilty, and was sentenced accordingly. From his conviction and sentence, Cooper appeals.
 II
Cooper's sole assignment of error is as follows:
 THE TRIAL COURT ERRED IN OVERRULING DEFENDANT/APPELLANT'S MOTION TO DISMISS OR SUPPRESS THE EVIDENCE AND/OR ARREST OF THE DEFENDANT/APPELLANT FOR DRIVING UNDER THE INFLUENCE OF ALCOHOL, INASMUCH AS THERE WAS NO REASONABLE ARTICULABLE SUSPICION TO HAVE INVESTIGATED THE DEFENDANT/APPELLANT FOR OPERATING UNDER THE INFLUENCE OF ALCOHOL; AND/OR TO HAVE FOUND PROBABLE CAUSE TO EXIST TO HAVE ARRESTED THE DEFENDANT/APPELLANT FOR THE SAME CHARGE.
Cooper concedes that Luebbers was justified in stopping him for the speeding and lane-change violations, but contends that Luebbers did not have a sufficient justification for requiring him to perform field sobriety tests, and that Cooper's arrest was without probable cause. The trial court's decision denying Cooper's motion to suppress is worth quoting at some length:
 Initially, counsel for both parties submitted the challenges for decision based upon a videotape of the stop. After viewing the tape, the Court set the case for testimony and heard arguments of the attorneys. Based upon the testimony, the videotape, and the stipulations of counsel, the Court makes the following findings of fact:
 1. Ohio State Patrol Sgt. Luebbers was in uniform in a marked cruiser on the berm of westbound I-70 in Clark County, Ohio on March 31, 2001 at about 2:10 a.m. when he received a CB call from an unidentified citizen saying that there was a black pickup traveling at a high rate of speed.
 2. Within a minute, the black pickup came into view. Luebbers clocked the pickup and later issued a citation for doing 80 in a 65 mile-per-hour zone. The pickup made two lane changes without signaling, passing a car and cutting in front of it. Luebbers initiated a traffic stop.
 3. When he approached the pickup and had contact with the driver, the Defendant, he noted his glassy, bloodshot eyes and a strong odor of alcohol. Luebbers indicated that he stopped Cooper because he sped right by him. Cooper responded, "I did?"
 4. Cooper then said something inaudible on the videotape that led Luebbers to ask if Cooper was a law enforcement officer. After some conversation about that, Luebbers asked Cooper if he would come back to his patrol car. Cooper got out of his truck, and when Luebbers asked if he's just gotten off work, Cooper volunteered that he'd decided to drink some beers and that he was going to a friend's house just up the highway.
 5. Luebbers asked [if] it was okay to make sure he was all right. Cooper agreed, and Luebbers said, "You've probably done these tests before," to which Cooper agreed. He then gave Cooper the HGN test, which resulted in a score of 6 points or clues indicating that Cooper would probably test over the legal limit.
 6. Following that test, he asked Cooper to do field sobriety tests. He demonstrated the one-leg-stand test. At first, Cooper agreed. He pawed at the ground with one foot, shifted his body weight several times, then stopped and said, "I know what you're doing here, man," and made his first of about two dozen repeated requests during the rest of the videotape to be taken to his chief's house.
 7. Luebbers then had Cooper come back to his patrol car. He asked Cooper for a portable breath test. Cooper blew into the testing device. Luebbers arrested Cooper for driving while under the influence of alcohol.
 Cooper argues that State v. Dixon (December 1, 2000), Greene Co. App. No. 2000 CA 30, unreported, State v. Spillers (March 24, 2000), Darke Co. App. No. 1504, unreported, and State v. Segi (August 18, 2000), Montgomery Co. App. No. 18267, unreported, justify the suppression of evidence in this case.
 In Dixon, the Court held that there was no reasonable suspicion of driving while under the influence of alcohol and detention for field tests where the stop rests upon a window tint violation, there is an odor of alcohol, glassy, bloodshot eyes, and an admission of the consumption of alcohol. In Spillers, that Court held that there was no justification for extending detention for field tests where there are "de minimus" violations and a slight odor of alcohol.
 Here, there was a citizen's report of a pickup traveling at a high rate of speed. Within a minute, Luebbers saw the pickup, clocked it at 82 mph, and saw it make two lane changes without signaling, passing a car and then cutting in front of it. On contact with the driver, Luebbers noted the odor of alcohol and the Defendant's glassy, bloodshot eyes. Since the speed of the pickup is hardly "de minimus" and the cutting in front of another car is indicative of careless operation, the physical characteristics, in light of the pattern of driving, do provide a reasonable suspicion that the driver's judgment in speeding and his ability to operate his vehicle by cutting in front of another driver may be impaired by the consumption of alcohol. Thus, the facts in this case are distinguishable from Dixon where there were no traffic infractions, and from Spillers where the marked lanes violations were "de minimus."
 Turning to the probable cause to arrest, in addition to the pattern of driving and physical characteristics, the officer had the results of the HGN test which he scored at 6, indicating that Cooper would likely test over the legal limit, more than a dozen requests by Cooper to take him to his chief's house, and the results of the portable breath test. All these factors, in light of the totality of circumstance, would lead a reasonable police officer to believe that Cooper's ability to operate a vehicle was impaired by his consumption of alcohol and that he would test over the legal limit.
The evidence in the record substantially supports the trial court's findings. We note that our review of the videotape, together with our review of the testimony, leads us to conclude that the record does not support a finding that Cooper, in passing the car in front of him and changing back into that car's lanes without signaling, did so in a dangerous manner. We also note that Luebbers testified that he immediately noticed a "strong" odor of alcohol, and that this odor was still present, and was still strong, even after he and Cooper were standing outside on the berm.
These cases are inherently fact-sensitive. The issues in this case are close. Nevertheless, we conclude that the evidence in the record supports the trial court's finding that Luebbers was justified in administering field sobriety tests to Cooper. Cooper had admitted to having consumed "a couple" of beers, had glassy, bloodshot eyes, was generating a "strong" odor of alcohol, and was going a little over 80 miles an hour, well over the posted speed limit. Although these facts, by themselves, may not rise to the level of probable cause for an arrest, they are sufficient to justify the lesser intrusion of requiring Cooper to perform field sobriety tests.
Significantly, the record in this case included expert testimony, both by Luebbers and by Cooper, concerning the proper administration and evaluation of horizontal gaze nystagmus tests. The evidence in the record supports the trial court's finding that a horizontal gaze nystagmus test was performed, and that Luebbers observed six clues out of a possible six, indicating a probability that Cooper was over the legal limit for DUI purposes. This circumstance, combined with Luebbers' previous observations, gave rise to a finding of probable cause, justifying the arrest.
In reaching this conclusion, we attach no significance to the portable breath alcohol test that was apparently performed, because all that the record discloses concerning the outcome of this test is that it "provided useful information." We also attach little or no significance to the unperformed one-leg stand, because it is not clear, from the videotape, or from the testimony, that Cooper refused to perform this test before Luebbers told him to come back to the cruiser.
We also note, in our evaluation of the evidence in the record, that Cooper testified that beer had been spilled on him in the bar where he had been earlier, explaining the strong odor of alcohol. However, this explanation was never communicated to Luebbers. From the testimony in the record, it is clear that the subject of whether any alcoholic beverages had been spilled on Cooper's clothing did not come up in their conversation. Luebbers did testify that he did not notice that anything had been spilled on Cooper's clothing. In his consideration of the strong odor of alcohol as one of the factors in deciding whether to administer field sobriety testing, and, later, in finding probable cause for the arrest, Luebbers was not required to exclude every possible innocent explanation for the existence of that odor.
Cooper's sole assignment of error is overruled.
 III
Cooper's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and GRADY, JJ., concur.